## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**ZENAS TILLIS, #112858**                                                              **PLAINTIFF**

**VS.**                                        **CIVIL ACTION NO. 3:14CV237-LRA**

**MANAGEMENT AND TRAINING CORP., ET AL.**                      **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This cause is before the Court on Defendants' motions for summary judgment [34 & 38].  All Defendants [Tyeasa Evans, Management & Training Corporation ("MTC"), Ray Rice, Wendell Banks, Jerry Buscher, Marian Pulliam, and Primas Hall)  assert that the claims of Plaintiff Zenas Tillis should be dismissed due to his failure to exhaust his remedies that were available to him through the Administrative Remedy Program [ARP] implemented by the Mississippi Department of Corrections [MDOC].  Additionally, Defendants contend that Hayes's claims should be dismissed on the merits.  After a thorough review of the pleadings and exhibits, Tillis's sworn testimony, and the applicable law, the Court finds that the motions shall be granted based upon Tillis's non-exhaustion.

Failure to exhaust is an affirmative defense, so these Defendants have the burden of demonstrating that Tillis failed to exhaust his administrative remedies. *Jones v. Bock*, 549 U.S. 199, 216 (2007).  At the summary judgment stage, this means that Defendants "must establish beyond peradventure all of the essential elements of the defense of exhaustion to warrant summary judgment in their favor." *Dillon v. Rogers,* 596 F.3d 260,

266 (5th Cir. 2010).  The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court it would be insufficient to permit the nonmoving party to carry its burden."  *Beck v. Tex. St. Board of Dental Exam'rs*, 204 F.3d 629, 633 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).  The burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial.  *Allen v. Rapides Parish Sch. Bd.*, 204 F.3d 619, 621 (5th Cir. 2000).

Tillis was a convicted felon housed in the custody of the MDOC at the East Mississippi Correctional Facility [EMCF] at Meridian, Mississippi, on March 20, 2014, when he filed this lawsuit.  He was housed at EMCF from December 5, 2013, until February 5, 2015.  In his Complaint, Tillis alleges numerous general complaints about his living conditions at EMCF, including long lockdown periods; non-working heat and air conditioning; poor ventilation, plumbing, toilets, and sinks; no lighting; extreme noise levels;  fire hazards; poor clothing and bedding; poor sanitation; no hygiene products or cleaners; roach and pest issues; cold food; no exercise; no access to telephone service; no law library access; poor medical care; violence from other inmates; mace used daily for retaliation; grievances are unanswered.  He also alleged that he was sprayed with a can of mace on January 19, 2014, by Lt. Hall, and his hand was slammed in the tray slot as he tried to pull his hand back into his cell.  Although he requested medical attention for his

2

hand and the burns, it was refused.  Additionally, from February 14-22, 2014, Plaintiff contends that he was not fed.

As Defendants point out, the applicable section of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(e), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

This statute clearly requires an inmate bringing a civil rights action in this Court to first exhaust his available administrative remedies.  *Booth v. Churner*, 532 U.S. 731, 739 (2001).  Exhaustion is no longer left to the discretion of the district court, but is mandatory.  *Porter v. Nussle*, 534 U.S. 516, 524 (2002).  Exhaustion will not be excused when an inmate fails to timely exhaust his administrative remedies; the exhaustion requirement also means "proper exhaustion."  *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006).  It is not enough to merely initiate the grievance process or to put prison officials on notice of a complaint; the grievance process must be carried through to its conclusion. *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001).  This is so regardless of whether the inmate's ultimate goal is a remedy not offered by the administrative process, such as money damages.  *Id.*

In *Jones v. Bock*, 549 U.S. 199, 211 (2007), the Supreme Court held that exhaustion was mandatory under the PLRA and that "unexhausted claims cannot be brought in court."  Citing *Jones*, the Fifth Circuit restated that "the PLRA pre-filing

3

exhaustion requirement is mandatory and non-discretionary," and that "district courts have no discretion to waive the PLRA's pre-filing exhaustion requirement." *Gonzalez v. Seal,* 702 F.3d 785, 787-88 (5th Cir. 2012) (per curiam); *Moussazadeh v. Texas Dept. of Criminal Justice*, 703 F.3d 781, 788 (5th Cir. 2012) (quoting *Gonzalez*).

The records provided by Defendants (and unrebutted by Tillis) confirm that Tillis did not exhaust his available administrative remedies regarding the claims that he brings in this lawsuit.  According to the July 17, 2015, Affidavit of Mary Dempsey, Coordinator for the ARP at EMCF, Tillis did not file a grievance concerning "allegations of inhumane living conditions" at the EMCF [34-1].  In her July 23, 2015, Affidavit, Ms. Dempsey described the grievances that Tillis did file [38-2].   He filed an ARP on February 7, 2014, regarding an incident which occurred on January 29, 2014.  He claimed that Mr. Banks and other officers told him to go lie on the floor in the back of his cell, and then they threw his food tray on the floor like he was a dog.  He also asserted that all the officers wanted to do was "spray mace," that the facility was "unprofessional," and he requested a transfer to another facility [ARP No. EMCF-14-530].  His First Step response, dated March 11, 2014, states that a transfer request was submitted.  His Second Step response dated March 17, 2014, informed him that the final decision on the transfer request would be from MDOC.  Tillis was later transferred on or about February 5, 2015, approximately a year after he requested the transfer.

Ms. Dempsey's Affidavit, and the supporting records, confirm that Tillis also submitted a grievance on August 21, 2014, complaining that he was not receiving medications which were ordered for him.  The Second Step response, dated October 28,

2014, was signed by Dr. Abangan, and directed him to submit a sick call request. [ARP No. EMCF-14-2018 [38-2, pp. 16-18]].

The Administrative Remedy Program has been implemented by the MDOC statewide in all prisons, including EMCF, under the authority of Miss. Code Ann. § 47-5-801.  The Court initially approved the MDOC ARP in *Gates v. Collier,* GC 71-6-S-D (N.D. Miss. 1971) (Order entered Feb. 15, 1994).  The program was changed from a three-step process to a two-step process effective September 19, 2010, and that revised program was approved in *Gates v. Barbour,* No. 4:71-cv-6-JAD, Doc. 1242 (N.D. Miss. Aug. 19, 2010).[1]  *See also Threadgill v. Moore,* 3:10cv378-TSL-MTP, 2011 WL 4388832, at *3 n. 6 (S.D. Miss. 2011).

The two-step process requires that an inmate submit a written grievance to the Legal Claims Adjudicator at the prison *within 30 days of the incident.*  If the adjudicator accepts the ARP, it is forwarded to the appropriate official, and that official issues a First Step Response.  If unsatisfied, the inmate may continue to the Second Step by using Form ARP-2 and sending it to the Legal Claims Administrator, utilizing the manila envelope furnished with the Step One response.  A final decision will be made by the Superintendent, Warden, or Community Corrections Director.

Tillis testified at the omnibus hearing that he did submit an ARP regarding the food and how he was fed but he got no response. [38-1, p. 13].   In his response opposing the Motion for Summary Judgment [40], he stated that he "filed two ARP's and

---

[1]The Program is contained in the MDOC Inmate Handbook, ch. VIII, available at http://www.mdoc.state.ms.us/Inmate_Handbook/CHAPTER%30VIII.pdf.

completed both steps on both grievances."  He did not mention that he filed other grievances which were never answered.  Tillis's conclusory allegations regarding exhaustion are insufficient to evade the requirement.

The exhaustion requirement demands *proper* exhaustion.  According to the MDOC ARP program, this means the initial grievance must be filed within 30 days of the incident.  In *Woodford*, the Supreme Court found that the PLRA's exhaustion requirement means "proper" exhaustion, which requires a prisoner to "complete the administrative review process in accordance with the applicable procedural rules, *including deadlines*, as a precondition to bringing suit in federal court."  *Woodford*, at 83-84.  *See also Gordon v. Yusuff,* No. 03-60822, 2004 WL 1551625, at *1 (5th Cir. 2004) (a federal prisoner's untimely appeal to Central Office constituted grounds for dismissal based upon non-exhaustion).  It is the prison's requirements, not the PLRA, that define the requirements of exhaustion.  *Jones v. Bock,* 549 U.S at 218.   Accordingly, the MDOC ARP's 30-day filing requirement must be met before an inmate can be found to have exhausted his claims.  Now, Tillis will not be able to meet the timeliness deadline regarding the claims he set forth in his federal Complaint.

Tillis did file an ARP while he was housed at EMCF, making the specific claim quoted hereafter:

> Alleged Complaint:
> On 1-29-14 at approximately 5:30 p.m. unit manager Mr. Banks and his officers told me to step to back of my cell and lay on the floor while they open my food slot and "threw" my "food" on the "floor" like I'm a "dog"!!!!  They violated my constitutional right to be free from cruel and

unusual punishment.  This facility out of control.  They don't do nothing
professional at all.  It on the "video".  May "God"  bless ya'll have a nice
day.   Thank .... then we don't get "shower" no "yard call" or nothing all
they want to do is "spray mace," ain't nothing about this facility
"professional" it out of control" ....

Relief Requested:
Right to be free from cruel and unusual punishment be move to a MTC
Facility ASAP where they not violated my constitutional right.  Then 72
hours to be moved from this facility....

[38-2, p. 8].

This ARP only mentions Defendant Banks "and his officers" and refers only to the

specific incident which occurred on January 29, 2014.  The only relief Tillis requested

was a transfer to another facility, and the responses confirm that the transfer request was

made to MDOC and later granted.  Tillis never charged in this ARP that he was maced on

January 29, 2014, nor does he mention requesting medical care.  He only generally claims

that "they" violated his constitutional right to be free from cruel and unusual punishment,

and his primary complaint in the ARP was that they threw his food on the floor.

The law requires that the prison officials be provided fair notice of a prisoner's

specific complaints and with the "time and opportunity to address [the] complaints

internally."  *Johnson v. Johnson,* 385 F.3d 503, 516 (5th Cir. 2004).  "Since prisoners are

generally required to follow the procedures adopted by the state prison system, the

specificity requirement should be interpreted in light of the grievance rules of the

particular prison system ...."  *Id.* at 517.  *See also Marsalis v. Cain*, Civil Action No. 12-

0799, 2014 WL 51215 (M.D. La. Jan. 7, 2014) (claims not raised "and/or were only

alluded to so minimally as to be insufficient to provide fair notice to prison officials of the plaintiff's specific complaints..." were unexhausted; no specific mention of defendant made in grievance).  In this case, even though Tillis did complain that his food was thrown on the floor, that the facility was "out of control," and that "all they want to do is "spray mace," this is insufficient to place Defendants on notice of all the conditions of confinement issues about which Tillis complains in his lengthy Complaint in this suit. These issues could not be addressed internally due to the lack of notice to all Defendants about the supporting facts.  Most Defendants were not even made aware of his Complaints against them, as only Defendant Banks was named.

The law does not necessarily require that the prison official defendant be specifically named in the grievance.  In *Jones v. Bock,* the Court held that exhaustion is not *per se* inadequate merely because a prison official sued in the § 1983 action was not named in the administrative grievance.  549 U.S. at 218.  The Court noted that it is the prison's grievance procedure that controls, and that procedure may require the prisoner to reference a particular official.  *Id.*  "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."  *Id.*  Although the MDOC program has no specific requirement that the individual prison official be named, the inmate is required to present as many facts as possible and answer all the questions "who, what, when, where, and how concerning the incident."  (See the ARP, Chapter III, **IV. Procedures** D.)  Effectively, this portion of the

8

ARP requires that all officials involved be named or at least referenced by description. *See Curry v. Scott,* 249 F.3d 493, 505 (6th Cir. 2001) (a grievance specifically complaining of a beating by one guard did not suffice to exhaust a failure to protect claim against another guard not mentioned in the grievance but who stood by and watched).

To defeat a summary judgment motion, competent evidence must be provided to defeat that set forth by the movant.  Although Tillis did file an ARP regarding his food being thrown on the floor and his request to be transferred, his ARP did not reflect the Complaint he brings in this Court.  Tillis never stated in his ARP that he was maced and refused medical treatment.  He generally contends he exhausted, but his 'conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence' will not satisfy the nonmoving party's burden on summary judgment." *Garner v. Moore,* 536 Fed. Appx. 446, 449 (5th Cir. 2013) (quoting *Freeman v. Tex. Dep't of Criminal Justice,* 369 F.3d 854, 860 (5th Cir. 2004).  In this case, Defendants' "uncontested, competent summary judgment evidence establishes beyond peradventure" that the ARP was available to Tillis and that he failed to complete it regarding the specific claims set forth in the Complaint. *See Fruge v. Cox,* Civil Action No. 14-0153, 2015 WL 964560 at *4 (W.D. La., March 4, 2015).

Defendants have also moved for summary judgment based upon the merits of Tillis's claims.  Because Tillis failed to exhaust his administrative remedies, the Court need not reach the merits of the claims.  *See Marshall v. Price,* 239 F.3d 365 (5th Cir. 2000) (declining to reach the merits of an inmate's Section 1983 claims after finding that

he failed to exhaust his administrative remedies).   However, under a liberal construction of exhaustion, the Court shall assume that Tillis did, in fact, exhaust his remedies regarding Defendant Banks' treatment of him during the January 29, 2014, incident. Banks and others allegedly threw Tillis's food on the floor and told him to step back. Tillis also generally mentioned that he does not get a shower or yard call and that all the "they" want to do is "spray mace."   The Court has considered these allegations on the merits, as described in the Complaint, and as augmented by Tillis at the omnibus hearing. Finding that these allegations are insufficient as a matter of law to state an Eighth Amendment or other constitutional claim against the named Defendants, they shall be dismissed on the merits pursuant to 28 U.S.C. §1915.

For these reasons, the Court finds that Defendants' Motions for Summary Judgment [34 & 36] should be and are hereby **granted** and Plaintiff's Complaint be dismissed without prejudice as to all Defendants.[2]

SO ORDERED, this the 8th day of March 2016.


/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE

---

[2]Tillis's delay may foreclose his ability to properly exhaust available administrative remedies, as "proper exhaustion" requires compliance with deadlines and other critical procedural rules.  *Woodford*, supra.